E＊＊ OCT 12 2001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 01-31751 |
| | ) | (Jointly Administered) |
| GOSS HOLDINGS, INC., et al., | ) | Chapter 11 |
| | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: 10/10/2001 |
| Debtors. | ) | Hearing Time: 1:30 p.m. |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 345 363, 1107 AND 1108 AUTHORIZING (A) MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (C) CONTINUED USE OF EXISTING BUSINESS FORMS, AND (D) EXISTING INVESTMENT GUIDELINES AND WAIVER OF INVESTMENT AND DEPOSIT REQUIREMENTS**

Upon the motion (the "Motion")[1] of Goss Holdings, Inc. and its wholly-owned operating subsidiary, Goss Graphic Systems, Inc., debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of a final order authorizing (a) maintenance of existing bank accounts, (b) continued use of existing cash management system, (c) continued use of existing business forms, and (d) existing investment guidelines and waiver of investment and deposit requirements imposed by Section 345(b) Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code"), for cause; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon and good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is granted in its entirety.

A.     <u>Maintenance of Bank Accounts</u>.

2.     Pursuant to Sections 105 and 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized and empowered to: (a) designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including, without limitation, the accounts identified in <u>Exhibit A</u> attached hereto, (the "Prepetition Bank Accounts"); (b) if necessary, open new accounts or close existing accounts, and give the U.S. Trustee prompt notice of each such newly opened account, wherever they are needed, irrespective of whether such banks are designated depositories in the Northern District of Illinois (such new accounts, together with the Prepetition Bank Accounts hereinafter the "Bank Accounts") and (c) treat the Bank Accounts and any such

2

newly opened accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession.

B.  Cash Management System.

3.  The Debtors are authorized to continue to use their existing centralized, integrated cash management system, as generally delineated in the flow charts attached hereto as Exhibit B, to manage their cash, to pay intercompany payables and extend intercompany credit, in a manner consistent with the Debtors' prepetition practice. In connection with the ongoing utilization of their cash management systems, the Debtors shall continue to maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management system (the "Banks"), except as modified by this Final Order, so that all transactions, including intercompany transactions, may be readily ascertained, traced and recorded properly.

4.  After the Petition Date, and subject to the terms of this Final Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts, wire transfers, ACH transfers or other items presented, issued or drawn on the Bank Accounts, provided, however, that unless otherwise

ordered by the Court, no checks, drafts, wire transfers, ACH transfers or other items presented, issued or drawn on the Bank Accounts prior to the Petition Date shall be honored (<u>with the exception of:</u> the Debtors' payroll account number 0976849 maintained at Bank One, N.A. (formerly First National Bank of Chicago) ("Bank One") in the name of Goss Graphic Systems, Inc. (the "Payroll Account"). Each day beginning on September 11, 2001, Bank One and shall deliver to the Debtors (via fax or electronic transmission) a list identifying by check number (or other appropriate reference for non-check items) and the amount of each item that was presented for payment in the preceding two days. The Debtors may issue replacement items for any items that are so dishonored to the extent that the issuing of such replacement item is consistent with the orders of this court related to the debt for which the replacement item is being issued. All items presented for payment on the Payroll Account shall continue to be honored unless the Debtor otherwise advises Bank One.

    5.  Any of the respective Banks will be entitled to assess and deduct normal service fees, consistent with past practices as between the Debtors and such Banks, including service fees for returned items and overdrafts against amounts from time to time on deposit in the Bank Accounts, regardless of whether such amounts were deposited prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items; <u>provided, however</u>, that no service charge, dishonor fee, insufficient funds, "NSF" or other similar charge shall

4

be made upon the dishonor of items when such dishonor is solely due the provisions of paragraph 4 of this Final Order.

6. Each Bank that maintains a disbursement account shall implement reasonable handling procedures designed to effectuate the terms of this Final Order. No Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Final Order either (a) at the direction of the Debtors to honor such prepetition check or item or (b) in good faith belief that the Court has authorized such prepetition check or item to be honored or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Final Order.

7. Subject to the provisions of this Final Order, the Banks are authorized and directed to honor all representations from the Debtors as to which checks should be honored or dishonored and any final payment made by a Bank prior to the Petition Date (including any ACH Transfer the Banks are or become obligated to settle) against any of the Bank Accounts, or any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Accounts prepetition.

C. <u>Use of Business Forms</u>.

8. The Debtors are authorized to continue to use their existing business forms and checks without alteration or change and without the designation "Debtor-in-Possession" or a "debtor-in-possession case number" imprinted upon them.

D. <u>Investment Requirements</u>.

9. Cause exists for waiving the investment and deposit requirements set forth in Section 345(b) of the Bankruptcy Code and the Debtors' obligation to comply with that section is hereby waived. All Banks and other financial institutions are authorized to hold or invest funds, at the Debtors' direction, without complying with Section 345(b) of the Bankruptcy Code.

10. The Debtors are authorized to invest and deposit funds in accordance with the Investment Guidelines, notwithstanding that certain of such guidelines may not strictly comply with the requirements of Section 345 of the Bankruptcy Code.

11. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Final Order.

12. The Debtors shall serve a copy of this Final Order on all Banks within five (5) business days of the entry of this Final Order.

Dated: Chicago, Illinois
       October 10, 2001

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Bank Accounts

| Entity | Bank Name | Account # | Contact Person & Phone |
|---|---|---|---|
| Goss Graphic Systems, Inc. | Bankers Trust Company | 351214 | Sandra Grant 212 469 6210 |
| Goss Graphic Systems, Inc. | Bankers Trust Company | 535-785 | Sandra Grant 212 469 6210 |
| Goss Graphic Systems, Inc. | Bankers Trust Company | 629-618 | Sandra Grant 212 469 6210 |
| Goss Graphic Systems, Inc. | Bank One | 5121027 | Bill Ghera 312 732 6989 |
| Goss Graphic Systems, Inc. | Bank One | 976849 | Bill Ghera 312 732 6989 |
| Goss Graphic Systems, Inc. | Bank One | 9428313 | Bill Ghera 312 732 6989 |
| Goss Graphic Systems, Inc. | Bank One | 3265121027 | Bill Ghera 312 732 6989 |
| Goss Graphic Systems, Inc. | Chase | 22430144 | Mary Plessias 212 447 6659 |
| Goss Graphic Systems, Inc. | Firstar Bank | 121157002 | Jan Geiken 319 368 4444 |
| Goss Graphic Systems, Inc. | Sun Trust Bank | 873003156024 | Cristina San Pedro 305 442 3102 |
| GGS Holdings, Inc. | Bank One | 5100038 | Bill Ghera 312 732 6989 |

A-1

<u>Exhibit B</u>

Cash Management System



276463

## Payroll Bank

```
                              Sweep Account
                                 ↑ ↓
           Invest in sweep if receipts exceed
           disbursements and no loan is payable
           or there are late receipts
           Transfer to main operating account if
           disbursements exceed receipts

  Incoming      Transferring    Lockbox        Intercompany
  Wire          ACII Payments   Receipts       Receipts
  Transfers
      ↓             ↓              ↓              ↓
           ┌─────────────────────────────┐
           │   "Payroll Account"         │
           │   Bank One, N.A.            │ ──────→
           │   (f/k/a First National     │
           │    Bank of Chicago)         │
           │   (5121027)                 │
           └─────────────────────────────┘
                    ↓         ↓         ↓
              Outgoing    Outgoing   Intercompany
              Wire        ACII       Payments
              Transfers   Payments

  ──→ Payroll Zero Balance Account (1428313)
              ↓                        ↓
       Employee                 Employee
       Direct Deposit           Payroll Checks

  Accounts Payable Zero Balance Account (0976849)
       ↓         ↓         ↓
     Vendors  Vendors   Vendors
```