IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) No. 01-31751 |
| | ) (Jointly Administered) |
| GGSI LIQUIDATION, INC., et al. | ) Chapter 7 |
| | ) Honorable Carol A. Doyle |
| Debtors. | ) Hearing Date: March 28, 2002 |

## ORDER

This cause coming to be heard upon the motion of A&B Corrugated Container, Inc. ("A&B") for entry of an order modifying the automatic stay ("Motion");

The court having considered the Motion and finding that cause exists for the modification of the automatic stay on the terms set forth herein.

It is hereby ordered as follows:

1. The automatic stay of Section 362(a) of the Bankruptcy Code is partially modified to permit A&B to prosecute or pursue its crossclaims asserted against Goss Graphic Systems, Inc., now known as GGSI Liquidation, Inc. ("Debtor") in a lawsuit pending in the Superior Court of New Jersey, Law Division-Passaic County entitled *Francisca Rodriguez, as Administratrix ad Prosequendum for the Heirs-at-law of Luis R. Rodriguez, deceased; and as Adminstratrix of the Estate of Luis R. Rodriguez, deceased v. Goss Graphic Systems, Inc. et al.*, pending as docket no. L-755-00 ("State Court Litigation") to the extent necessary to allow A&B to adjudicate in a final judgment or to settle its claims against the Debtor as stated in its Crossclaim filed against the Debtor in the State Court Litigation ("Crossclaims");

2. The automatic stay of Section 362(a) of the Bankruptcy Code is further partially modified to permit A&B to seek collection or satisfaction of any liquidated final judgment against the Debtor, or any settlement with the Debtor, on account of the Crossclaims solely from any insurance coverage that may be available to satisfy the Crossclaims under policies insuring the Debtor; *No judgment in the state court litigation shall have any claim, issue or preclusive effect as against the bankruptcy estate.*

3. Any other recovery against the Debtor or its estate on account of the Crossclaims shall be limited to A&B's right to file a proof of claim under the applicable provisions of the Bankruptcy Code and the Rules of Bankruptcy Procedure.

4. The entry of this order shall not be construed to require the Debtors to actively participate in the State Court Litigation beyond that participation necessary to satisfy a duty to

449

cooperate with any insurance company in accordance with the terms of any applicable insurance policies or in accordance with reasonable discovery requests of A&B.

     5. The entry of this order shall not be construed to be an admission by Debtor of any liability on account of the Crossclaims asserted by A&B in the State Court Litigation.

     6. The entry of this order shall not be construed to require the Debtor to pay any deductible, self-insured retention, cost of defense or any similar type of expense which may be provided for in any policy of insurance insuring the Debtor with respect to the Crossclaims.

Date:    **MAR 2 9 2002**

ENTER:

/s/ [signature]

Honorable Carol A. Doyle

Abraham Brustein
ARDC#: 0327662
Julia E. Jensen
ARDC#: 6272466
DiMonte & Lizak
216 W. Higgins Road
Park Ridge, IL 60068
(847) 698-9600