# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 01-31751 |
| | ) (Jointly Administered) |
| GGSI LIQUIDATION, INC., et al., | ) |
| | ) Chapter 7 |
| Debtors. | ) |
| | ) Hon. Carol A. Doyle |

### AGREED ORDER AND STIPULATION TO MODIFY THE AUTOMATIC STAY WITH RESPECT TO BRENDA BURNARD

WHEREAS, on September 10, 2001 (the "Petition Date"), Goss Holdings, Inc. and its wholly-owned operating subsidiary, Goss Graphic Systems, Inc. (collectively, "Goss" or the "Debtors"), filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code");

WHEREAS, prior to the Petition Date, Brenda Burnard (the "Claimant"), commenced a products liability action in the Supreme Court of the State of New York, County of Onondaga (the "State Court Litigation") against Goss Graphics Systems, Inc. and/or Rockwell Graphics Systems and therein asserted certain pre-petition claims against those entities (the "Claims");

WHEREAS, on February 25, 2002, the Debtors' Chapter 11 cases were converted to ones under Chapter 7, and on February 27, 2002, Gus A. Paloian was appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estates of GGSI Liquidation, Inc. and Goss Holdings, Inc. (the "Estates"), and is duly-qualified and acting as such in the above-captioned cases (the "Cases");

WHEREAS, on or about July 17, 2002, Claimant filed a Motion to Modify Automatic Stay (the "Lift Stay Motion") before this Court whereby Claimant sought to have the stay modified so that she could continue to prosecute the State Court Litigation and thereby pursue the Claims in a non-bankruptcy forum and seek recovery on the claims from any third-party

491

insurance policies that are available to cover claims of the type asserted by Claimant in the State Court Litigation (the "Insurance Coverage");

WHEREAS, in consideration for being able to liquidate her Claims in the manner set forth herein, Claimant hereby waives any and all claims she may have against the Estates and expressly understands that she may seek satisfaction of her Claims, if any, only from property not belonging to the Estates and only as set forth in this Order and that, in no event, will the Estates or Trustee be liable or prejudiced in any way whatsoever with respect to, or as a result of, Claimant pursuing the Claims in a non-bankruptcy forum, or the assertion of the Claims or any proof of claim filed by or on behalf of Claimant in these Cases, including, but not limited to, any deductible or self-insured retention (or similar expenses) in connection with any Insurance Coverage, notwithstanding any proofs of claim filed by her or on her behalf in the Cases.

WHEREAS, Claimant acknowledges that she has had an opportunity to consult with counsel concerning the waiver as expressly provided in this Order and acknowledges that, in agreeing to such waiver, she has not relied on any promises or representations by the Trustee or any party acting on behalf of the Estates concerning the existence, limits, or availability of Insurance Coverage, or concerning the existence or non-existence of any defenses that any insurance company may raise to its liability for any Claims;

WHEREAS, the Trustee is willing to allow the Claimant to liquidate her Claims in a non-bankruptcy forum, but only in accordance with the terms of this Order and provided that neither the Trustee nor the Estates shall be required to participate at all in the liquidation of said Claims, or be prejudiced or affected in any way by said liquidation.

NOW THEREFORE, BASED UPON THE FOREGOING STIPULATIONS AND AGREEMENTS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

1. Subject to the conditions set forth in paragraph 2 below, the automatic stay (11 U.S.C. § 362) is partially modified to the limited extent necessary to enable Claimant: (a) to liquidate the Claims in a non-bankruptcy forum and (b) to attempt to recover any liquidated final judgment or settlement on the Claims from Insurance Coverage.

2. Notwithstanding paragraph 1 above, Claimant agrees that she will not liquidate, prosecute, pursue or in any way continue any action related to her Claims against the Trustee or the Estates and that the automatic stay remains fully in effect with respect thereto. Claimant further agrees that (a) neither the Estates nor the Trustee shall be required to participate at all in any action related to the prosecution of the Claims, and Claimant waives any and all rights she may have with respect thereto, (b) the automatic stay bars any entity from taking any action which would result in the Trustee or the Estates incurring any costs as a result of the limited stay relief granted herein, (c) neither the Trustee nor the Estates shall be required to incur any expense whatsoever as a result of Claimant pursuing the Claims in a non-bankruptcy forum and (d) Claimant shall use her best efforts in pursuing the Claims in a non-bankruptcy forum to ensure that the provisions of this Order, including those set forth in this paragraph, are given full force and effect.

3. Notwithstanding the partial modification of the automatic stay as set forth herein, the automatic stay remains in effect with respect to (a) any and all actions to collect or enforce any claims against the Trustee or Estates, (b) continue or proceed with an action against the Estates or the Trustee and (c) any action which would prejudice the Trustee or Estates or cause

the Estates or the Trustee to incur costs or expenses. If, and to the extent, Claimant obtains a judgment, award, determination, declaration or similar outcome as a result of pursuing her Claims in a non-bankruptcy forum, Claimant agrees that same shall be enforceable and collectible, if at all, only from any Insurance Coverage and/or from any non-Debtor third party that may otherwise be liable for such Claims.

4. To the extent that a deductible, self-insured retention, cost of defense, or similar type of expense is required to be paid in connection with any actions taken by Claimant, including the Claimant's attempt to prosecute her Claims or recover any liquidated final judgment or settlement on the Claims, neither the Trustee nor the Estates shall be liable for such amounts or have any obligations with respect thereto, which shall be the sole responsibility of the Claimant.

5. Notwithstanding any proof of claim filed by or on behalf of the Claimant in these Cases, Claimant does hereby waive and release the Trustee and Estates from any and all claims, actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses or demands whatsoever, known or unknown, of any nature, and any claims asserted by or on behalf of the Claimant against the Estates or the Trustee in these Cases is hereby disallowed. Nothing in this Order is intended to, or shall, limit Claimant's rights of recovery, whatever they may be, from any Insurance Coverage or from any non-Debtor third party that may be liable for an established Claim.

6. Nothing in this Order, nor the execution hereof by the Trustee, shall be deemed an agreement by the Trustee or Estates to provide assistance or to cooperate with the Claimant or any entity in any way in any efforts to prosecute or defend the Claims or secure payment on the Claims.

7. Nothing contained herein shall be deemed an admission of liability on the part of the Trustee or the Estates with respect to the Claims or any facts alleged in the Lift Stay Motion.

8. Nothing in this Order shall be deemed an agreement, admission, or acknowledgment by the Trustee of the existence or availability of any Insurance Coverage or the non-existence of any defenses by any insurance company to liability for any Insurance Coverage.

9. This Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Order.

Dated: September __, 2002
Chicago, Illinois

GUS A. PALOIAN, not individually, but solely in his capacity as Chapter 7 Trustee of the Debtors' Estates,

By: /s/ Gus A. Paloian
Gus A. Paloian (06188186)
William J. Factor (6205675)
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603-5803
Tel: (312) 346-8000

BRENDA BURNARD

By: /s/ Donna Wallace
Donna Wallace
JOSEPH A. BALDI & ASSOCIATES, P.C.
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Tel: (312) 726-8150

Attorneys for Claimant

SO ORDERED

Dated: September 5, 2002

_____
Hon. Carol A. Doyle, Judge

-5-