E O D  FEB 2 0 2003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 01-31751 |
| | ) | (Jointly Administered) |
| GGSI LIQUIDATION, INC., *et al.*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |

## AGREED ORDER AND STIPULATION TO MODIFY THE AUTOMATIC STAY WITH RESPECT TO MOTION OF MICHAEL AND JULIE MALCOLM TO LIFT THE AUTOMATIC STAY

WHEREAS, on September 10, 2001 (the "Petition Date"), Goss Holdings, Inc. and its wholly-owned operating subsidiary, Goss Graphic Systems, Inc. (collectively, "Goss" or the "Debtors"), filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code");

WHEREAS, on January 22, 1998, Michael and Julie Malcolm (the "Claimants"), filed a Complaint in the Circuit Court of Grundy County, Illinois (the "State Court"): Case Number 98-L-5 (the "State Court Litigation"), naming Rockwell Graphics Systems, a subsidiary of Rockwell International Group (collectively "Rockwell"), as a defendant and seeking monetary damages (the "Claims");

WHEREAS the Claimants allege both that GGSI is the actual party in interest to the State Court Litigation and that it would bear liability on the Claims;

WHEREAS, on February 25, 2002, the Debtors' Chapter 11 cases were converted to ones under Chapter 7, and on February 27, 2002, Gus A. Paloian was appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estates of the Debtors (the "Estates"), and is duly-qualified and acting as such in the above-captioned cases;

CH1 10487006.1

WHEREAS, on or about February 10, 2003, the Claimants filed their Motion to Lift the Automatic Stay of the Bankruptcy Proceedings (the "Motion") before this Court whereby the Claimants sought authority to pursue the Claims in the State Court and, in that context, to seek recovery on the Claims from an insurance policy allegedly issued by Traveler's Insurance, and expressly not for the purpose of seeking monetary compensation of any kind from the Estates;

WHEREAS, in consideration for being able to proceed with their Claims in the manner set forth herein, the Claimants hereby waive any and all claims they may have against the Estates and expressly understand that they may seek satisfaction of their Claims, if any, only as set forth in this Order and that, in no event, will the Estates be liable or prejudiced in any way whatsoever with respect to the Claims or any proof of claim filed by or on behalf of either or both of the Claimants in these cases, including, but not limited to, any deductible or self-insured retention (or similar expenses) in connection with any insurance coverage, notwithstanding any proof of claim filed by or on behalf of either or both of the Claimants in these cases.

WHEREAS, the Claimants acknowledge that they have had an opportunity to consult with counsel concerning the waiver as expressly provided in this Order and acknowledge that, in agreeing to such waiver, they have not relied on any promises or representations by the Trustee or any party acting on behalf of the Estates concerning the existence, limits, or availability of insurance coverage, or concerning the existence or non-existence of any defenses that any insurance company may raise to its liability for any Claims;

WHEREAS, the Trustee is willing to allow the Claimants to proceed with their Claims in accordance with the terms of this Order, provided, however, that neither the Trustee

nor the Estates shall be required to participate at all in the liquidation of said Claims, nor shall the Estates be prejudiced or affected by said liquidation.

NOW THEREFORE, BASED UPON THE FOREGOING STIPULATIONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

1. The automatic stay with respect to the Claims is hereby modified, but only in accordance with the terms set forth in this Order.

2. Subject to the conditions set forth in paragraph 3, the automatic stay is partially modified to the limited extent necessary to enable the Claimants: (a) to proceed with the Claims in the State Court, and (b) to attempt to recover any liquidated final judgment or settlement on the Claims.

3. Notwithstanding paragraph 2 above, the Claimants shall not proceed with, prosecute, pursue or in any way continue any action related to their Claims against the Debtors, if any; subject to the conditions set forth in this paragraph. It is further provided that the Trustee shall not be required to actively participate beyond that participation necessary to satisfy a duty to cooperate with any insurance company in accordance with the terms of any applicable insurance policies or in accordance with reasonable discovery requests of the Claimants, nor shall the Trustee be required to incur any material expense in the defense of the Claims. Moreover, the Claimants shall use their best efforts, in pursuing the Claims, so as not to interfere with the administration of the Estates.

4. Notwithstanding the partial modification of the automatic stay as set forth herein, the automatic stay remains in effect with respect to any and all actions to collect or enforce any claims against the Estates, and any established Claims shall be enforceable and collectible, if at

CHI 10487006.1

all, only from any insurance coverage and/or from any non-Debtor third party that may otherwise be liable for such Claims.

5. To the extent that a deductible, self-insured retention, cost of defense, or similar type of expense is required to be paid in connection with the Claimants' attempt to recover any liquidated final judgment or settlement on the Claims from any insurance coverage, the Estates shall not be liable for such amounts, which shall be the sole responsibility of the Claimants.

6. Notwithstanding any proof of claim filed by or on behalf of the Claimants in these cases, the Claimants do hereby waive and/or release the Estates from any and all claims, actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses or demands whatsoever, known or unknown, of any nature, and any claims asserted by or on behalf of the Claimants in these bankruptcy cases are hereby disallowed except for the Claimants' Claims to the extent of any insurance coverage. Nothing in this paragraph shall limit the Claimants' right to recover damages from any insurance coverage or from any non-Debtor third party that may be liable for any established Claims.

7. The acquiescence by the Trustee to the modification of the automatic stay on the terms and conditions set forth herein shall not be deemed an agreement by the Trustee to provide assistance or to cooperate with the Claimants in any way in the efforts of the Claimants to prosecute the Claims or secure payment on the Claims.

8. Nothing contained herein shall be deemed an admission of liability on the part of the Trustee with respect to the Claims or any facts alleged in the Motion.

9. Nothing herein shall be deemed to waive the Trustee's right to object to any late-filed proof of claim or to contest any request to allow a late-filed proof of claim.

CH1 10487006.1

10. Nothing in this Order shall be deemed an agreement, admission, or acknowledgment by the Trustee of the existence or availability of any insurance coverage or the non-existence of any defenses by any insurance company to liability for any insurance coverage.

11. This Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Order.

Dated: February 17, 2003

          GUS A. PALOIAN, not individually, but solely in his capacity as Chapter 7 Trustee of the Debtors' Estates,

By: _____
    Gus A. Paloian (06188186)
    William J. Factor (6205675)
    Charles S. Riecke (90785186)
    SEYFARTH SHAW
    55 East Monroe Street, Suite 4200
    Chicago, Illinois 60603-5803
    Tel: (312) 346-8000

Attorneys for the Chapter 7 Trustee

MICHAEL AND JULIE MALCOLM

By: _____
    Daniel F. Konicek (6205408)
    Stacy L. Maloney (6277958)
    KONICEK & DILLON, P.C.
    21 West State Street
    Geneva, Illinois 60134
    Tel: (630) 262-9655

Attorneys for Claimants

Dated: February 19, 2003

_____
Honorable Carol A. Doyle
United States Bankruptcy Judge

-5-

CH1 10486800.1