IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 01-31751 |
| | ) (Jointly Administered) |
| GGSI Liquidation, Inc., et al., | ) Chapter 7 |
| | ) |
| Debtors. | ) Honorable Carol A. Doyle |
| | ) |
| | ) Hearing Date: April 19, 2005 |
| | ) Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE** that on **April 19, 2005 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Carol A. Doyle, Bankruptcy Judge, in the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Shaw Gussis Fishman Glantz Wolfson & Towbin LLC's First and Final Application for the Allowance and Payment of Fees and Expenses and to Shorten and Limit Notice and for Related Relief,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Allen J. Guon (#6244526)
> Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
> 321 N. Clark St., Suite 800
> Chicago, IL  60610
> Tel:  (312) 541-0151

## CERTIFICATE OF SERVICE

Allen J. Guon certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the attached service list by first-class U.S. Mail, proper postage affixed thereto, on this 25th day of March 2005.

> /s/Allen J. Guon

{A0081776.DOC}

## SERVICE LIST

| | |
|---|---|
| Gretchen Silver<br>Office of the U.S. Trustee<br>U.S. Department of Justice<br>227 W. Monroe St., Suite 3350<br>Chicago, IL 60606 | Terry J. Malik<br>Michael Jones<br>Winston & Strawn<br>35 W. Wacker Dr.<br>Chicago, IL 60601 |
| Mary Ann Spiegel<br>General Counsel, Secretary<br>Goss Graphic Systems<br>3 Territorial Court<br>Bolingbrook, IL 60440 | Mark A. McDermott<br>Skadden, Arps, Slate, Meagher & Flom<br>333 W. Wacker Dr., Suite 2100<br>Chicago, IL 60606 |
| Joel L. Miller<br>Kay Scholer LLP<br>70 W. Madison St., Suite 4100<br>Chicago, IL 60602 | Charles H. Jeanfreau<br>Covington & Burling<br>1330 Avenue of the Americas<br>New York, NY 10019-5400 |
| Paul Silverstein<br>Andrews & Kurth L.L.P.<br>805 Third Ave., Louise 500<br>New York, NY 10022 | |

{A0045780.DOC}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 01-31751 |
| | ) (Jointly Administered) |
| GGSI Liquidation, Inc., et al., | ) Chapter 7 |
| | ) |
| Debtors. | ) Honorable Carol A. Doyle |
| | ) |
| | ) Hearing Date: April 19, 2005 |
| | ) Hearing Time: 10:00 a.m. |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | **Shaw Gussis Fishman Glantz Wolfson & Towbin LLC** |
| Authorized to Provide Professional Services to: | **Gus A. Paloian, chapter 7 trustee** |
| Date of Order Authorizing Employment: | **August 20, 2003, effective August 14, 2003** |
| Period for Which Compensation Is Sought: | **August 14, 2003 through March 9, 2005** |
| Amount of Fees Sought: | **$11,849.00** |
| Amount of Expense Reimbursement Sought: | **$1,694.92** |
| This is a(n):  Interim Application _____ | Final Application __X__ |

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Amount Ordered Withheld |
|---|---|---|---|---|
| - | - | - | - | - |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:   **$0.00**

Applicant:   Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

Dated: March 25, 2005              By:_____/s/Allen J. Guon_____
                                              For the firm

{A0045780.DOC}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 01-31751 |
| | ) | (Jointly Administered) |
| GGSI Liquidation, Inc., et al., | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: March __, 2005 |
| | ) | Hearing Time: __:00 a.m. |

## SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC'S FIRST AND FINAL APPLICATION FOR THE ALLOWANCE AND PAYMENT OF FEES AND EXPENSES AND TO SHORTEN AND LIMIT NOTICE AND FOR RELATED RELIEF

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw"), as special counsel to Gas A. Paloian, not individually, but as trustee (the "Trustee") for the chapter 7 estates of GGSI Liquidation Inc. and Goss Holdings, Inc. and its related debtor entities (collectively, the "Debtors"), hereby applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2002(a)(6), 2002(i) and 2016(a) and Local Bankruptcy Rule 5082-1 for the allowance and authority to pay $11,849.00 in compensation for 41.10 hours of professional services rendered, and the reimbursement of $1,694.92 for costs as special litigation counsel for the purpose of investigating and prosecuting a preference action against the Debtors' prepetition bank group for the benefit of the Debtors' estates and creditors, for those services rendered and costs incurred during the period of August 14, 2003 through March 9, 2005 (the "**Application Period**"). In support of this application, Shaw respectfully represents as follows:

{A0081776.DOC}

## BACKGROUND

1. On September 10, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each of the Debtors remained in possession of its assets and continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108 until the cases were converted to cases under chapter 7 of the Bankruptcy Code on February 25, 2002. The Trustee was appointed immediately thereafter.

2. The Court approved Shaw's application to be employed as special litigation counsel to the Trustee on August 20, 2003, retroactive to August 14, 2003. A copy of the order authorizing the employment of Shaw as special litigation counsel (the "Employment Order") is attached hereto as **Exhibit A**. Shaw was retained for the limited purpose of investigating and prosecuting a preference action against members of the Debtors' prepetition bank group (the "Bank Group"). The Employment Order authorized the Trustee to pay Shaw a retainer in the amount of $2,500, subject to Court approval of its fees and expenses after application (the "Retainer").

3. Subsequently, the Court approved the expanded employment of Shaw on October 22, 2003. A copy of the order authorizing the expanded employment of Shaw as special litigation Counsel (the "Expanded Employment Order") is attached hereto as **Exhibit B**. Pursuant to the Expanded Employment Order, Shaw was retained for the limited purpose of investigating and prosecuting certain preference actions with Novare, Inc. on a contingency fee basis. None of the fees sought in this Application relate to the prosecution of preferences pursuant to the Expanded Employment Order.

## SUMMARY AND DESCRIPTION OF PRINCIPAL ACTIVITIES

4.  Shaw investigated and filed an adversary proceeding to avoid and recover certain alleged preferential transfers made by the Debtors to the Bank Group pursuant to 11 U.S.C. §§ 547 and 550 (the "Claim"). As part of the professional services rendered in connection with the Claim, Shaw performed the following tasks:

   a.  Investigated, reviewed and analyzed relevant documents in support of the Claim and asserted defenses;

   b.  Filed an adversary proceeding, on behalf of the Trustee, to avoid and recover preferential payments made to the Bank Group;

   c.  Participated on behalf of the Trustee in applicable hearings before the Court;

   d.  Provided written reports regarding the Claim and recommended resolution to the Trustee;

   e.  Regularly communicated with the Trustee with respect to developments in the adversary proceeding and the recommended resolution of the case; and

   f.  Prepared a retention application and final fee application.

## PROFESSIONALS WHO PERFORMED SERVICES FOR THE TRUSTEE

5.  The issues with respect to the Claim were legally and factually complex. The amount of the Claim and potential recovery to the Debtors' estate was also potentially significant. Shaw has experience investigating and prosecuting claims for preferential transfers pursuant to 11 U.S.C. §547. This experience has allowed Shaw to provide extremely competent, effective professional services in connection with the Claim in an efficient, cost-effective manner.

6.  In connection with its representation of the Trustee, Shaw utilized the services of several attorneys. The attorneys who have rendered services for the benefit of the Debtors' estates at the direction of the Trustee, and the hourly rates for each individual are as follows:

| Attorney | Hourly Rate[1] |
|---|---|
| Steven B. Towbin | $450.00 |
| Peter J. Roberts | $350.00 - $375.00 |
| Allen J. Guon | $200.00 - $265.00 |
| Matthew A. Swanson | $220.00 - $245.00 |
| Janice A. Alwin | $190.00 |
| Mirjana I. Mirkovic | $80.00 |

7.　　The hourly rates charged by Shaw's professionals in connection with the Claim compare quite favorably with the rates charged by other Chicago metropolitan law firms having professionals with similar levels of experience and expertise. Shaw's rates also compare favorably with the rates of other professionals retained by the Debtors and the Trustee in this case. Further, the amount of time spent with respect to the Claim is reasonable given the range and complexity of the issues presented and the level of investigation necessary to successfully litigate the Claim.

8.　　Annexed hereto as **Group Exhibit C** is a detailed statement of the services rendered by Shaw's professionals with respect to the Claim, containing a description of the particular services rendered, the amounts of time spent thereon and the billing rates of Shaw's professionals, as well as the expenses incurred incident to those services.

9.　　The total compensation requested for 41.10 hours of professional services rendered by Shaw during the Application Period is $11,849.00. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation

---

[1] Rates increased on January 1, 2004 and January 1, 2005.

{A0081776.DOC}　　　　　　　　　　　4

charged by comparably skilled professionals inside and outside of the bankruptcy context, Shaw respectfully submits that the compensation sought represents a fair and reasonable amount for the allowance of final compensation in this case.

## THE EXPENSES REQUESTED

10.  All of the expenses for which reimbursement is requested are expenses that Shaw customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

| Expenses | Cost |
| --- | --- |
| Photocopies | $0.10 or actual cost if sent to an outside copying service |
| Court/Filing Fees | Actual cost |
| Delivery Fees (including messenger and overnight delivery expenses) | Actual cost |
| Electronic Legal Research | Actual cost |
| Travel (including parking and taxi expenses) | Actual cost |

11.  Shaw incurred the expenses on behalf of the Trustee in the aggregate sum of $1,694.92 for which reimbursement is requested in the Application. The expenses for which reimbursement is sought were actually borne by Shaw and necessarily incurred in connection with the Claim. As noted previously, the expenses for which reimbursement is requested are of the type and amount that Shaw customarily recoups from all of its clients. Further, the expenses for which reimbursement is sought constitute the type and amounts previously allowed by bankruptcy judges in this and other districts.

12.  By this Application, Shaw requests that the Court (a) allow Shaw's compensation request in the amount of $11,849.00 and reimbursement of expenses in the amount of $1,694.92; (b) authorize Shaw to apply the Retainer in partial satisfaction of the amounts requested in this

{A0081776.DOC}                                          5

Application; and (c) authorize and direct the Trustee to pay to Shaw the amount of $11,043.92 on account of the outstanding balance due with respect to the amounts sought herein.

## NOTICE

13.    At least twenty days' notice of this application has been provided to (a) the Office of the United States Trustee; and (b) those parties on the attached service list. In addition, a separate notice of hearing has been provided to the Rule 2002 service list. Based on the amount of the relief requested and the costs and burdens of transmitting notice to all of the Debtors' creditors, Shaw respectfully requests that the court limit the amount of notice to that given and that additional notice of the hearing on this application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2002(a)(6), 2003(i), 9006 and 9007.

WHEREFORE, the Trustee requests the entry of an order that: (a) allows Shaw's compensation in the amount of $11,849.00 and expense reimbursement in the amount of $1,694.92 for the Application Period; (c) authorizes Shaw to apply the Retainer in partial satisfaction of the amounts requested in this Application; (d) authorizes and directs the Trustee to pay Shaw the amount of $11,043.92 on account of the allowed compensation and expense reimbursement; (e) waives other and further notice of this hearing with respect to this Application; and (f) provides such additional relief as may be appropriate under the circumstances.

Respectfully submitted,

Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC

Dated: March 25, 2005          By:_____/s/Allen J. Guon_____
                                       For the firm

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Allen J. Guon (#6244526)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile

{A0081776.DOC}                              7