**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 01-31751-CAD |
| | ) Chapter 7 |
| GGSI LIQUIDATION, INC., *et al.*, | ) |
| | ) Honorable Carol A. Doyle |
| Debtors. | ) |
| | ) |

## ORDER AUTHORIZING RETENTION OF
## MITCHELL HIRSH AND RSM MCGLADREY

This matter coming to be heard on the Trustee's Application for Order Authorizing Him to Retain Mitchell Hirsh and RSM McGladrey, Inc. as Experts for in Connection with Certain Preference Litigation (the "Application"), due and proper notice having been given and the Court being fully advised in these premises:

IT IS HEREBY ORDERED that the Trustee is authorized to retain Mr. Hirsh and RSM McGladrey, Inc., effective as of May 21, 2007, on the terms set forth in Exhibit 1 to the Application, with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow. Attached hereto is Exhibit 1.

DATE: June 27, 2007       ENTER:

_____
HONORABLE CAROL A. DOYLE
UNITED STATES BANKRUPTCY JUDGE

CH2 20202300.1

# RSM McGladrey

*Privileged and Confidential Attorney Work Product*

RSM McGladrey, Inc.
One South Wacker Dr., Ste. 800
Chicago, IL 60606-3392
O 312.634.3400 F 312.634.3410
www.rsmmcgladrey.com

April 19, 2007

Gus A. Paloian, Chapter 7 Trustee
Bankruptcy Estate of GGSI Liquidation, Inc.
c/o Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603

Re: Bankruptcy Estate ("Estate") of GGSI Liquidation, Inc. – Preference Matter

Dear Mr. Paloian:

The purpose of this letter is to document our understanding of the professional services to be provided by RSM McGladrey, Inc. ("RSM") in the above named matter. We understand that the Estate will be our client and we will receive communication regarding this case and the services we are to provide through you unless we are otherwise directed by you.

## SERVICES AND SCOPE OF WORK:

You have requested that we provide financial advisory and expert witness services in connection with the above referenced matter, which is in connection with alleged preferential transfers received by defendants. Further, we are aware that we may be called upon to provide expert testimony at deposition and trial should counsel decide that to be appropriate in these matters.

Our analysis and opinions, including any reports, testimony or other documents which we prepare are to be used only for matters arising as a result of this engagement and may not be published or used for any other purpose without our prior written consent.

Prior to drafting our proposal, we performed an internal search for any potential conflicts of interest based on the names of the parties you provided to us. We advised you promptly of the outcome of our search, and we do not believe a conflict exists with respect to the parties. We are, however, engaged by new clients every day and cannot assure that following commencement of our services, engagement with clients which may create a potential conflict may occur within our company. Should a conflict come to our attention, we will notify you promptly.

## CLIENT ACCEPTANCE OF WORK:

At the conclusion of each phase of work, we will review with you the intended scope of work and deliverables set out in this document to confirm we have met the defined project expectations. If you believe the deliverables do not conform, you will notify us in writing that they do not conform. We will then have a reasonable period of time, based upon its severity and complexity, to correct the non-conformity. I

RSM McGladrey, Inc. is a member firm of RSM International –
an affiliation of separate and independent legal entities.

01-31751:870.1:Application to Employ:Proposed Order Entered: 6/18/2007 11:15:07 AM by:Sara Lorber Page 3 of 8

*Privileged and Confidential Attorney Work Product*

## STAFFING:

I will be responsible for all services provided to you. Other professionals at the necessary skill and experience level may be called upon to assist in the project as appropriate. While we will attempt to comply with your request for certain individuals, we retain the right to assign our personnel, as appropriate, to perform the requested services. We will review with you the original staffing with this engagement and subsequent changes, if any, in staffing.

## ENGAGEMENT ASSUMPTIONS AND CLIENT'S RESPONSIBILITIES:

You will determine the extent of services you wish RSM to provide and ensure our Firm has access to key people and data.

If circumstances arise relating to the availability of sufficient, competent evidence of information which, in our professional judgment, prevents us from completing the engagement, we retain the unilateral right to take any course of action permitted to us, including withdrawal from the engagement.

In the event we are requested or authorized by you or are required by government regulation, subpoena, or other legal process to produce our documents or our personnel as witnesses with respect to our engagements for you, you will, so long as we are not a party to the proceeding in which the information is sought, reimburse us for our professional time and expenses, as well as the fees and expenses of our counsel, incurred in responding to such requests.

We understand all communications we have with you, as well as any materials or information developed or received by us under this agreement are protected by applicable legal doctrines and privileges and will be treated by us as confidential. In the event RSM or its representatives receive a request or become legally compelled to disclose all or part of the information gathered pursuant to this engagement (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process or otherwise), RSM will promptly notify you of the existence, terms and circumstances surrounding such a request, so that you may seek, at your cost, an appropriate protective order and/or waive RSM compliance with the confidentiality provision and/or release RSM from any privilege and/or work product protection(s) which may exist, and if disclosure of such information is required, exercise your best efforts to obtain an order or other reliable assurance that confidential treatment will be accorded to the information so disclosed.

At the conclusion of the engagement, you will provide us with direction regarding the disposition of documents we do not need to retain in our files, including authorization to store, destroy and/or return to you any or all such documents.

You will also let us know immediately of any problems or issues you perceive in our personnel or services. We will also let you know where we feel we are not receiving the appropriate cooperation of direction and advise you of any other issues related to this engagement. The success of our engagement is dependent upon full openness, communication, cooperation and timely direction. The fulfillment of these responsibilities is critical to the success of our engagement.

RSM McGladrey, Inc.                                                                                           Page 2

*Privileged and Confidential Attorney Work Product*

### FEES AND EXPENSES:

I will be responsible for the performance of this engagement. My hourly rate is $425. I will be assisted by other employees as the need arises to minimize costs. Our current rates are as follows, and may be subject to adjustment as our prevailing rates change from time to time.

| | |
|---|---|
| Directors | $350 - $425 |
| Managers | $185 - $305 |
| Consultants | $185 - $230 |
| Administrative Staff | $110 - $125 |

### BUSINESS TERMS AND PROJECT ACCEPTANCE:

The attached General Business Terms apply to this engagement and are an integral part of our engagement. Please indicate your agreement to these arrangements by signing and returning to me the enclosed copy of this letter.

We appreciate the opportunity to be of service to you and look forward to working with you on this project. You will receive our closest attention. If at any time you have questions, concerns, or issues with our services, billings or anything else related to our services, do call me.

Very truly yours,

RSM McGladrey, Inc.

*[signature]*

By:   Mitchell Hirsh
Its:  Director

Attachments:   General Business Terms

This proposal and attached General Business Terms correctly sets forth our understanding and acceptance of this agreement.

Acknowledged and Accepted:

Gus A. Paloian, Chapter 7 Trustee
Bankruptcy Estate of GGSI Liquidation, Inc.

By: _____

Date: _____

01-31751:870.1:Application to Employ:Proposed Order Entered: 6/18/2007 11:15:07 AM by:Sara Lorber Page 5 of 8

*Privileged and Confidential Attorney Work Product*

Attachment to RSM McGladrey Inc. Engagement Contract
dated April 19, 2007 with the Bankruptcy Estate of GGSI Liquidation, Inc.

RSM McGladrey Inc.
General Business Terms

**1. Our Services** We will provide the services and furnish the deliverables as described in our Proposal and any attachments thereto, as may be modified from time to time by mutual written consent.

**2. Independent Contractor** We are an independent contractor and not your employee, agent, joint venturer or partner, and will determine the method, details and means of performing our services. We assume full and sole responsibility for the payment of all compensation and expenses of our employees and for all of their state and federal income tax, unemployment insurance, Social Security and other applicable employee withholdings.

**3. Confidentiality** With respect to any information supplied in connection with this engagement and designated by either of us as confidential, or which the other should reasonably believe is confidential based on its subject matter or the circumstances of its disclosure, the other agrees to protect the confidential information in a reasonable and appropriate manner, and use confidential information only to perform its obligations under this engagement and for no other purpose. This will not apply to information which is: (i) publicly known, (ii) already known to the recipient, (iii) lawfully disclosed by a third party, (iv) independently developed, (v) disclosed pursuant to legal requirement or order, or (vi) disclosed on a need-to-know basis to our respective independent contractors, agents and affiliates who agree to maintain its confidential nature. We may also mention your name and provide a general description of the engagement in our client lists or marketing materials. We or our direct affiliates may send marketing or advertising material to you.

**4. Our Deliverables and Your License** Upon full payment of all amounts due us in connection with this engagement, all right, title and interest in the deliverables set out in our Proposal will become your sole and exclusive property, except as set forth below. Our work papers will not constitute work product and will remain our sole and exclusive property. We will retain sole and exclusive ownership of all right, title and interest in our work papers, proprietary information, processes, methodologies, know how and software, including such information as existed prior to the delivery of our services and, to the extent such information is of general application, anything which we may discover, create or develop during our provision of services for you. Except for software owned by and/or proprietary to us, to the extent our deliverables to you contain our proprietary information, we grant you a non-exclusive, non-assignable, royalty-free license to use it in connection with the deliverables and the subject of the engagement and for no other or further use without our express, prior written consent. To the extent our deliverables to you contain the proprietary information of a third party, you agree to comply with such third party's terms of license. All licenses to software (including any enhancements to software) will be licenses to object code only.

**5. Your Responsibilities** You agree to furnish personnel, facilities and resources, and undertake certain responsibilities in connection with our engagement. You also agree to cause all levels of your employees and contractors to cooperate fully and timely with us. You will designate an employee or employees within your senior management who will make or obtain all management decisions with respect to this engagement on a timely basis. You also agree that all assumptions set forth in the Proposal are accurate and agree to provide us with such further information we may need and which we can rely on to be accurate and complete. Press releases which mention us or our affiliates must be approved by us prior to release by you to any third party. We will be entitled to rely on all of your decisions and approvals made independently and we will not be obligated to evaluate, advise on, confirm, or reject such decision and approvals. You will evaluate the adequacy and results of services and will let us know immediately of any problems or issues you perceive in our services or deliverables at any time. We will also let you know where we feel we are not getting the appropriate cooperation and advise you of any other issues related to our engagement. The success of our engagement is dependent upon full openness, communications and cooperation.

RSM McGladrey, Inc. Page 4

*Privileged and Confidential Attorney Work Product*

The fulfillment of these responsibilities is critical to the success of our engagement. The successful delivery of our services, and the fees charged, are also dependent on your timely and effective completion of your responsibilities, the accuracy and completeness of the assumptions, and timely decisions and approvals by your management. You will be responsible for any delays, additional costs, or other liabilities caused by or associated with any deficiencies in the assumptions or in carrying out your responsibilities.

**6. Software Responsibilities** If applicable to this engagement, you must be registered with the software manufacturer as our customer and be enrolled in their enhancement plan to ensure your software remains current and to qualify for our Help Desk Support Plan. You also agree to maintain a current software license in compliance with all manufacturers' license requirements at all times during the term of this engagement. It will also be your responsibility to ensure complete system backups are completed and tested regularly to ensure operability in the event of a server malfunction or a loss of data. You acknowledge that server malfunctions (e.g., a hard drive failure) or other action that may cause loss of data may occur at any time. You also acknowledge that you have reviewed the software product and/or specifications and agree the software applications and specifications are fit for and complete to your satisfaction for your business purpose. We will respond to your request for support during normal business hours on our Help Desk Support telephone line. If we determine, in our sole discretion, that an on-site visit is necessary, then we will schedule a consultant to arrive at your site as soon as practicable based on the severity of the problem and your location.

**7. Fees, Expenses** The Bankruptcy Estate of GSSI ("you") acknowledge that any fee estimates we have furnished are only our good faith estimates based on our understanding of the engagement assumptions and the facts and circumstances we are aware of at this time. If the basis of our estimates is inaccurate, the fees and expenses may be different from those we each anticipate. We will bill our fees and expenses twice a month. Those fees and expenses do not include taxes. You will be responsible for and pay all applicable sales, use, excise, value added and other taxes associated with the provision or receipt of the services and deliverables, excluding taxes on our income generally. We reserve the right to suspend or terminate services if our invoices are not timely paid, in which event we will not be liable for any resulting loss, damage or expense connected with such suspension or termination.

**8. Our Warranty** We warrant that our services will be performed with reasonable care in a diligent and competent manner. Our sole obligation will be to correct any non-conformance with this warranty, provided that you give us written notice within 10 days after the services are performed or, if applicable, deliverables are delivered. The notice will specify and detail the non-conformance and we will have a reasonable amount of time, based on its severity and complexity, to correct the non-conformance. We do not warrant and are not responsible for any third party products or services. Your sole and exclusive rights and remedies with respect to any third-party products or services are against the third-party vendor and not against us.

THIS WARRANTY IS OUR ONLY WARRANTY CONCERNING THE SERVICES AND ANY DELIVERABLE, AND IS MADE EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, ALL OF WHICH ARE HEREBY DISCLAIMED.

01-31751:870.1:Application to Employ:Proposed Order Entered: 6/18/2007 11:15:07 AM by:Sara Lorber Page 7 of 8

*Privileged and Confidential Attorney Work Product*

**9. Liability** (a) Neither of us will be liable for any delays or failures in performance due to circumstances beyond our reasonable control.

(b) Our total liability relating to this engagement will in no event exceed an amount equal to the fees we receive from you for the portion of the engagement giving rise to liability, and will not include any special, consequential, incidental, punitive or exemplary damages or loss (nor any loss of profits, savings, data, use of software or hardware or business opportunity, or interruption of business) even if we have been advised of the possibility of such loss.

(c) If our engagement involves security-related services, you acknowledge that no security assessment can ever provide total assurance against potential security intrusions. The effectiveness of controls and security measures is subject to inherent limitations and all errors or problems may not be detected. Assessment results are subject to the risk that changes are made to your systems or controls, changes are made in processing requirements, changes are required because of the passage of time, or new technology is developed. We are not responsible for any lack of specific controls, breach of security or other errors or fraud related to any part of your systems that are not specifically examined and for any period of time other than the time period covered by our assessment.

**10. Termination** (a) You may terminate our engagement for convenience at any time on 15 days' written notice.

(b) We may terminate or suspend this engagement if, within 15 days' notice, you fail to cure a material breach of our engagement terms or immediately without notice in the event of non-payment of amounts due us.

(c) You will pay us for all services rendered, including deliverables and products delivered, expenses incurred or commitments made by us to the effective date of termination, and all reasonable costs associated with any termination or suspension, subject to Bankruptcy court approval.

**11. General** (a) These General Business Terms, together with the Proposal, including all of its attachments, amendments or mutually agreed upon scope changes, constitute the entire understanding and agreement between us with respect to the services and deliverables described in the Proposal, supersede all prior oral and written communications between us, and may be amended, modified or changed only in writing when signed by both parties. If there is a conflict between these General Business Terms and the terms of the Proposal, these General Business Terms will govern.

(b) No term of this agreement will be deemed waived, and no breach of this agreement excused, unless the waiver or consent is in writing signed by the party granting such waiver or consent.

(c) Neither of us may assign this agreement without the other's consent.

(d) We may, from time to time, refer you to third-party vendors for specific materials or services. These vendors are not our subcontractors, and it is your responsibility to select and negotiate all work and fees with them. We will assist you with product selection, developing delivery schedules and reviewing Proposals, as you request and as described in the Proposal.

(e) We, in our sole discretion, may from time to time use subcontractors to deliver specific products or services to you. The management of and all financial arrangements with subcontractors will be our responsibility.

(f) The terms of this agreement which by their nature are to survive this agreement will survive its expiration or termination.

(g) We each acknowledge that we may correspond or convey documentation via Internet e-mail and that neither party has control over the performance, reliability, availability, or security of Internet e-mail. Therefore, neither of us will be liable for any loss, damage, expense, harm or inconvenience resulting from the loss, delay, interception, corruption, or alteration of any Internet e-mail due to any reason beyond our reasonable control.

(h) We each agree that any dispute or claim arising out of or relating to this agreement or the services will be governed by and construed in accordance with the laws of the State of Minnesota without regard to its laws of

01-31751:870.1:Application to Employ:Proposed Order Entered: 6/18/2007 11:15:07 AM by:Sara Lorber Page 8 of 8

*Privileged and Confidential Attorney Work Product*

conflicts. If we bring suit against you, we will do so in your state. If you sue us, you will do so in Minneapolis, Minnesota. We both agree to this choice of law, jurisdiction and venue. Additionally, we each waive trial by jury and agree that any dispute or claim should be resolved by a judge without a jury.

(l) Any action against either of us by the other in connection with this engagement must be brought within 18 months after the cause of action arises.

\*\*\*

RSM McGladrey, Inc.                                                                                    Page 7

# EXHIBIT B


**RSM McGladrey**
FEIN #41-1944416

RSM McGladrey, Inc.
One South Wacker Drive, Suite 800
Chicago, IL 60606
Phone : (312) 634-3400

REMIT TO:
RSM McGladrey, Inc.
5155 Paysphere Circle
Chicago, IL 60674 USA

5155 0007576536 0002576998 07262007 0001312400 4

SARA E. LORBER
GUS PALOIAN, CH 7 TRUSTEE OF GGSI
LIQUIDATION
SEYFARTH SHAW LLP
131 S DEARBORN ST STE 2400
CHICAGO IL 60603

July 26, 2007

Account No. 757-653-6     MH

Invoice No. R-2576998-541

Amount Paid $_____

---

757-653-6  Gus Paloian, Ch 7 Trustee of GGSI Liquidation    07/26/2007    Invoice # R-2576998-541

---

For professional services rendered through June 30, 2007.

| | |
|---|---:|
| M. Hirsh - 7.60 hours at $425.00/Hr. | $3,230.00 |
| N. Ramig - 58.20 hours at $170.00/Hr. | 9,894.00 |
| **Total Due** | **$13,124.00** |

Please see attached detail.

Invoices are due upon receipt.

RSM McGladrey, Inc.

| Name | Date | Hours | Description |
|---|---|---|---|
| Nicole Ramig | 06/12/2007 | 6.00 | Industry research analysis |
| Nicole Ramig | 06/13/2007 | 6.50 | Industry research analysis |
| Nicole Ramig | 06/14/2007 | 6.20 | Industry research analysis |
| Nicole Ramig | 06/15/2007 | 2.00 | Industry research analysis |
| Mitchell Hirsh | 06/18/2007 | 1.20 | Industry research analysis |
| Nicole Ramig | 06/18/2007 | 2.80 | Industry research analysis |
| Mitchell Hirsh | 06/19/2007 | 1.90 | Industry research analysis |
| Nicole Ramig | 06/19/2007 | 1.30 | Industry research analysis |
| Nicole Ramig | 06/20/2007 | 6.20 | Industry research analysis |
| Nicole Ramig | 06/21/2007 | 4.30 | Industry research analysis |
| Mitchell Hirsh | 06/22/2007 | 2.10 | Industry research analysis |
| Nicole Ramig | 06/22/2007 | 2.30 | Industry research analysis |
| Nicole Ramig | 06/25/2007 | 1.40 | Industry research analysis |
| Nicole Ramig | 06/27/2007 | 7.00 | Industry research analysis |
| Mitchell Hirsh | 06/28/2007 | 2.40 | Industry research analysis |
| Nicole Ramig | 06/28/2007 | 7.00 | Industry research analysis |
| Nicole Ramig | 06/29/2007 | 5.20 | Industry research analysis |
| | **Total Services** | **65.80** | |

# EXHIBIT C

**RSM McGladrey**

FEIN #41-1944416

RSM McGladrey, Inc.
One South Wacker Drive, Suite 800
Chicago, IL  60606
Phone : (312) 634-3400

REMIT TO:
RSM McGladrey, Inc.
5155 Paysphere Circle
Chicago, IL  60674USA

5155 0007576536 0002598923 08292007 0000568650 9

SARA E. LORBER
GUS PALOIAN, CH 7 TRUSTEE OF GGSI LIQUIDATION
SEYFARTH SHAW LLP
131 S DEARBORN ST STE 2400
CHICAGO IL 60603

August 29, 2007

Account No. 757-653-6     MH

Invoice No. R-2598923-541

Amount Paid $ _____

Amount Due     $5,686.50

---

757-653-6  Gus Paloian, Ch 7 Trustee of GGSI Liquidation     08/29/2007     Invoice # R-2598923-541

For professional services rendered through July 31, 2007.

M. Hirsh - 12.10 hours at $425.00/Hr.                                         $5,142.50

N. Ramig - 3.20 hours at $170.00/Hr.                                             544.00

**Total Due**     **$5,686.50**

Please see attached detail.

Invoices are due upon receipt.

RSM McGladrey, Inc.

| Name | Date | Hours | Description |
|---|---|---|---|
| Mitchell Hirsh | 07/02/2007 | 4.20 | Preparation for and meeting at Trustees office |
| Mitchell Hirsh | 07/06/2007 | 1.20 | Review of documents |
| Mitchell Hirsh | 07/10/2007 | 3.50 | Transfer time to GOSS-Preparation for 30b6 deposition |
| Nicole Ramig | 07/18/2007 | 3.20 | Met with attorney's to discuss the case |
| Mitchell Hirsh | 07/18/2007 | 3.20 | Preparation for and meeting with Factor and Lorber |
| | **Total Services** | **15.30** | |