United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 01 B 31751 |
|---|---|
| GGSI Liquidation, Inc., | (jointly administered) |
| Debtors. | Chapter 7 |

## MEMORANDUM OF DECISION ON TRUSTEE'S FIFTH OMNIBUS OBJECTION TO CLAIMS [DKT. NO. 1056]

Gus A. Paloian, not individually but solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of GGSI Liquidation, Inc., has filed Objections and Notice of Objections joined in the Fifth Omnibus Objection to Claims. Objections seek to disallow certain claims in their entirety for one of the following bases: (1) claim is duplicative of another claim filed by the same creditor; (2) claim was filed after the bar date set for creditors to file a proof of claim, or; (3) claim was amended and superseded by subsequent claim filed by the same creditor. The following eighteen claims are involved:

| No. | Claimant | Amount | Basis for Claim | Objection |
|---|---|---|---|---|
| 750 | Boehm, Arnold B. | $5,376.20 | Wages, salaries and compensation (FY 1997) | **Duplicative** of Claim No. 756 for $59,727.44 |
| 751 | Boehm, Arnold B. | $5,766.54 | Wages, salaries and compensation (FY 2001) | **Duplicative** of Claim No. 756 for $59,727.44 |
| 752 | Boehm, Arnold B. | $1,478.60 | Other contract – WARN Act Vacation (9/1/2009) | **Duplicative** of Claim No. 756 for $59,727.44 |
| 753 | Boehm, Arnold B. | $384.44 | Other contract – WARN Act 401K (9/1/2009) | **Duplicative** of Claim No. 756 for $59,727.44 |
| 754 | Boehm, Arnold B. | $1,377.56 | Other contract – WARN Act COBRA (9/1/2009) | **Duplicative** of Claim No. 756 for $59,727.44 |
| 755 | Boehm, Arnold B. | $12,814.68 | Other contract – WARN Act Wages (9/1/2009) | **Duplicative** of Claim No. 756 for $59,727.44 |
| 763 | Boehm, Arnold B. | $32,529.42 | Severance agreement | **Duplicative** of Claim No. 756 for $59,727.44 |
| 353 | Reside, Jerry M. | $35,604.81 | Wages, salaries and compensation | **Duplicative** of Claim No. 352 for $35,604.81 |
| 2628 | Beasley, Dennis | $15,876.89 | Earned salary, vacation (filed 2/17/09) | **Late filed** (Bar Date: 2/12/09) |

| 2629 | Kovas, John W. | $600.00 | Ceridian Pay Flex dollars withheld from wages (filed 4/13/09) | **Late filed** (Bar Date: 2/12/09) |
|---|---|---|---|---|
| 408 | Berggren, Gary A. | $19,696.29 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 748 for $19,796.29 (*Priority:* $4,650.00) |
| 512 | Johnson, Larry R. | $18,488.38 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 742 for $21,440.38 (*Priority:* $4,650.00) |
| 599 | Larimer, Rollin R. | $17,882.90 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 743 for $17,883.10 (*Priority:* $4,650.00) |
| 439 | Leslie, Claudia | $18,286.86 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 744 for $19,882.87 (*Priority:* $4,650.00) |
| 536 | Pledge, Carrie | $18,545.93 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 745 for $18,546.20 (*Priority:* $4,650.00) |
| 454 | Robertson, James M. | $18,805.65 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 746 for $18,806.69 (*Priority:* $4,650.00) |
| 622 | Troxel, John A. | $25,768.39 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 749 for $26,202.19 (*Priority:* $4,650.00) |
| 468 | Walker, Harold E. | $20,344.00 (*Priority:* $4,650.00) | Wages, salaries, and compensation | **Amended** by Claim No. 747 for $20,345.22 (*Priority:* $4,650.00) |

Notice was given to claimants and their representatives of a date by which responses to the Objections could be filed. None of the claimants filed or has sought to file any response.

For reasons stated below, the Trustee's Objections will be sustained, in part, as to claims objected to on the basis that they are duplicative and on grounds that they are amended and superseded claims, and request to disallow those claims will be granted. Objections to late filed claims will be overruled and request to disallow those claims will be denied.

## BACKGROUND

On September 10, 2001, Goss Holdings, Inc. and its wholly-owned subsidiary Goss Graphic Systems, Inc. (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et al*. The cases were procedurally consolidated for joint administration shortly thereafter, on September 13, 2001.

On February 25, 2002, the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code. Gus A. Paloian was appointed as Chapter 7 Trustee of the Debtors' bankruptcy estates.

Also on February 25, 2002, an order authorizing Debtors to change the corporate name of Goss Systems, Inc. to GGSI Liquidation, Inc.

On November 6, 2008, an Order fixing the time for creditors to file a proof of claim was entered, which established February 12, 2009 as the deadline by which all claims had to be filed.

## DISCUSSION

### I. Jurisdiction and Venue

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### II. Allowance and Disallowance of Claims

Objections to allowance of claims are governed by 11 U.S.C. § 502. Under § 502(a), claims of creditors who file a proof of claim are "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If a claim is objected to, the bankruptcy court is instructed to determine the amount of the claim as of date of the bankruptcy

petition, and to allow the claim with respect to that amount, except to the extent that grounds for disallowance specified in § 502(b) exist. *See* 11 U.S.C. § 502(b)(1)–(9); *Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) (recognizing the general presumption that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." (citing 11 U.S.C. § 502(b))). To rebut the presumption of validity of a claim, an objection must be premised on the grounds for disallowance set forth in § 502(b). *In re Sentinel Mgmt. Group, Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009); *In re Vastag*, 345 B.R. 882, 885 (Bankr. N.D. Ill. 2006).

### A. Objections to Allowance of Duplicative Claims will be Sustained

The Trustee objects to Claims No. 750, 751, 752, 753, 754, 755 and 763 of Arnold B. Boehm on the basis that they are duplicative of another claim filed by him for the aggregate amount of the objected claims. Specifically, the Trustee has determined that Mr. Boehm filed the seven objected claims, as well as Claim No. 756 for the aggregate amount of $59,727.44, which incorporates all amounts stated in the seven objected claims. The Trustee therefore requests that the objected claims (Nos. 750–55 and 763) be disallowed in their entirety with Claim No. 756 to remain as the surviving claim.

Upon review of the proof of claims filed by Mr. Boehm, it is clear that the objected claims state amounts and bases that are restated and aggregated in Claim No. 756. The letter attached to Proof of Claim No. 756 filed by Mr. Boehm specifically references the amounts and bases stated in the seven objected claims, and it aggregates all such amounts into that single claim. The seven objected claims are therefore unenforceable against the Debtors' estates to the extent that a right to payment for the same debt is already asserted in a surviving claim of the same creditor.

Section 502(b)(1) contemplates disallowance of a claim, proof of which has been filed in a bankruptcy case, to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other

4

than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). "[I]t is axiomatic that one can not [sic] recover for the same debt twice." *In re Handy Andy Home Imp. Centers, Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998). Therefore, claims that assert a right to payment on the same liability for which payment is sought in another claim filed by the same creditor state no independent right to recovery, and are unenforceable to the extent of the duplication. *In re Pierport Dev. & Realty, Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013).

Accordingly, the Trustee's Objection to Claims No. 750, 751, 752, 753, 754, 755 and 763 of Arnold B. Boehm will be sustained, and said claims will be disallowed in their entirety, as duplicative of Mr. Boehm's surviving aggregate claim (Claim No. 756).

The Trustee also object to Claim No. 353 of Jerry M. Reside on the basis that it is duplicative of Claim No. 352, a second claim filed by Mr. Reside for the same amount. The Proof of Claim forms for these two claims are identical, except that they each assert the same claim against one of the two Debtors in the jointly administered cases. The summary attached to each Proof of Claim, however, is identical, and both claims state a right to payment on the same liability. Because Mr. Reside is not entitled to recover twice for the debt, the Trustee's objection to one of Mr. Reside's claims is proper.

The Trustee's Objection to Claim No. 353 of Jerry M. Reside will therefore be sustained as well, and such claim will be entirely disallowed as duplicative of Mr. Reside's remaining claim (Claim No. 352).

### B. Objections to Allowance of Late Filed Claims will be Overruled

The Trustee objects to Claim No. 2628 of Dennis Beasley and Claim No. 2629 of John W. Kovas on the basis that these two claims were filed after the deadline set for creditors to file a proof of claim, and seeks disallowance of both of these claims under § 502(b). While the Trustee is correct that these two claims were filed late, and § 502(b)(9) generally disallows claims to the extent that "proof of such claim is not

timely filed," that provision goes on to except those that are "tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of [title 11] . . . ." 11 U.S.C. § 502(b)(9).

The two claims at issue here fall within the exception to disallowance of late filed claims stated in § 502(b)(9). Pursuant to § 726(a)(3), the trustee shall distribute property of the estate in payment of any allowed unsecured claims for which proof was tardily filed after allowed claims for which proof was timely filed are paid. 11 U.S.C. § 726(a)(3). Section 726(a)(3) authorizes payment of allowed claims that were tardily filed; rather than bar those claims, it prioritizes them. Claims No. 2628 and 2629 were tardily filed as permitted by § 726(a)(3), and are not subject to disallowance under § 502(b)(9). *In re Kaiser*, 525 B.R. 697, 704–05 (Bankr. N.D. Ill. 2014) ("Under section 726(a), untimely proofs of claim in chapter 7 cases are prioritized, not disallowed. . . . The untimeliness of filing of a proof of claim in a chapter 7 case is not, therefore, a basis for disallowance under [§ 502(b)(9)]." (internal citations omitted)); *In re Glenwood Med. Grp., Ltd.*, 211 B.R. 282, 289 (Bankr. N.D. Ill. 1997) ("It is plain that the untimeliness of the filing of a proof of claim does not itself cause disallowance of the claim." (discussing § 726(a)) (citing *In re Rago*, 149 B.R. 882, 885 (N.D. Ill. 1992))).[1]

Accordingly, no basis for disallowing Claims No. 2628 and 2629 exists under § 502(b) solely because proof of these claims was not timely filed. Claim No. 2628 of Dennis Beasley and Claim No. 2629 of John W. Kovas will therefore be allowed, and the Trustee's objection overruled, with any distribution on account of such claims made in accordance with the priority scheme set out in 11 U.S.C. § 726.

---

[1] Section 502(b)(9) was added as part of amendments enacted by the Bankruptcy Reform Act on and effective as of October 22, 1994, *see* Pub.L. No. 103–394, 108 Stat. 4106 (codified as amended in scattered sections of 11 U.S.C.), and was therefore effective at the time the Debtors' bankruptcy cases were filed. *See Glenwood*, 211 B.R. at 289–90 (discussing Code Amendments).

### C. Objections to Amended and Superseded Claims will be Sustained

The Trustee objects to eight claims on the basis that such claims are amended and superseded by subsequent claims filed. The Trustee requests disallowance of the original claims in their entirety. These eight objected claims are discussed below.

The Trustee object to allowance of Claim No. 408 of Gary A. Berggren on the basis that such claim was amended and superseded by Claim No. 748, also filed by Mr. Berggren. Claim No. 748 is stated to amend "a previously filed claim, dated 11/7/0 " but the second digit of the year listed was either not included or was cut off at the time the proof of claim form was copied. Claim No. 408, objected here, was filed on November 7, 2001, and attaches a statement identifying the same period of employment for which payment is claimed on Claim No. 748. Claim No. 748 states a slightly greater claim amount and attaches documents not included in the original claim. It therefore appears to have been intended to amend and supersede Claim No. 408 rather than to assert an independent right to payment.

The Trustee also requests disallowance of Claim No. 512 of Larry R. Johnson as amended and superseded by Claim No. 742. Claim No. 742 also indicates that it amends a claim filed on a certain date ("11/8/ ") but the year was either not included or was cut off at the time the form submitted was copied. Claim No. 512 was filed on November 8, 2001 and identifies the same period of employment for which the claim is made; the total amount claimed in the later filed claim (Claim No. 742) is greater than originally stated. Therefore, Claim No. 512 of Larry R. Johnson was amended and superseded by the later filed claim and will also be disallowed.

The Trustee also seeks disallowance of Claim No. 599 of Rollin R. Larimer as amended and superseded by Claim No. 743, filed by the same claimant. Mr. Larimer's later claim is also stated to amend a prior claim but the year on which that claim was filed is missing. As with the prior objected claims, the day and month listed match the creditor's prior claim, and the statement attached to both Proof of Claim forms identify

7

the same period of employment but revise the amount claimed to be due. Claim No. 599 was therefore amended and superseded by subsequently filed claim and states no independent right to recovery.

The remaining five objected claims, Claim No. 439, 536, 454, 622, 468 of Claudia Leslie, Carrie Pledge, James M. Robertson, John A. Troxel, and Harold E. Walker, respectively, were also amended and superseded by later filed claims (*see* Claims No. 744–747, 749). Like the previous three objected claims, the latter claim filed by each claimant identifies the day and month of filing of the objected claim, but the year is missing or was cut off at the time the proof of claim form was copied. They each nonetheless reference the same employment period as the objected claim, note that they amend a prior claim filed, and state a revised claim amount. Objections to these claims will therefore be sustained, and the objected claims disallowed on the basis that they have been amended and superseded by the claimant's subsequent and surviving claim.

## CONCLUSION

For the foregoing reasons, Objections to Claims joined in the Trustee's Fifth Omnibus Objection to Disallow Claims will be sustained, in part, as to duplicate and amended claims only, and overruled, in part, as to late filed claims, by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of November, 2016

8